359 So.2d 95 (1978)
STATE of Louisiana, Appellee,
v.
Genese JONES, Appellant.
No. 61079.
Supreme Court of Louisiana.
May 22, 1978.
Rehearing Denied June 15, 1978.[*]
*96 Don H. Johnson, Johnson & Johnson, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant, Mrs. Jones, was convicted of second degree murder, La.R.S. 14:30.1 (1975), and sentenced to life imprisonment. Upon her appeal, she makes seventeen assignments of error. Of these, discussion is required only as to:
(1) The assignments relating to the appointment and action of a sanity commission (Nos. 1, 2, and 3), including a contention that the mental examination (thereby required) violates the accused's constitutional rights against self-incrimination; and
(2) An assignment (No. 15) complaining of a restriction on the accused's closing argument, by which her counsel was not permitted to argue for diminished responsibility (i. e., guilt of manslaughter rather than murder) by reason of a mental defect or condition short of the legal insanity which would exculpate her of any guilt whatsoever.
Both contentions present substantial issues of growing concern in other jurisdictions. However, on the basis of present Louisiana jurisprudence, we reject them and affirm the conviction.
Context Facts
The defendant was convicted of killing her husband. The evidence shows that she shot him with a pistol as the result of a family squabble. The testimony indicates that the spouses frequently quarrelled.
The defendant wife's testimony tended to support a shooting in self-defense while struggling with her husband, and a housemaid's testimony indicates she had been struck by the husband a short time earlier. Medical evidence, introduced in support of a plea of not guilty by reason of insanity,[1] tended to prove that the lady was neurotic and subject to hysteria (by which she believed to be real what was only imagined). Her contention was that, because of this mental defect, she lacked the requisite specific intent to kill her husband.
Sanity Commission
The defendant had pleaded "not guilty by reason of insanity." However, she objected to the trial court's granting the state's motion to appoint a sanity commission, Assignment 1. Her primary contention is that the sanity commission (at which her lawyer was not allowed to be present, despite request) unfairly afforded discovery to the state of her version of the accident, in violation of *97 her constitutional rights against self-incrimination.
In State v. Breaux, 337 So.2d 182 (La.1976), we held that a sanity commission examination is not a critical stage of the proceeding requiring the presence of counsel, if the court in its discretion does not afford such presence. We there noted, however, that no inculpatory statements made to the examiner are admissible in evidence at the merit-trial of the defendant's guilt or innocence.
With regard to the self-incrimination issue, the courts have been in general agreement, although the view is subject to critical comment, that the privilege against self-incrimination does not apply against requiring the accused to participate in a sanity commission. Lafave and Scott, Criminal Law, Section 340, pp. 310-312 (1972). The reasoning is often grounded upon a limited waiver of the privilege, for the limited purposes of the sanity commission.
Accordingly, we find no abuse of the trial court's discretion to order a sanity commission whenever the defendant pleads not guilty by reason of insanity. La.C.Cr.P. art. 650.
The defendant also contends that the trial court erred in its refusal to set guidelines for the sanity commission's hearing and its report. The defendant's counsel had alternatively requested such action, in order to protect her constitutional rights against self-incrimination. Assignment 2.
The trial court noted that the only guideline suggested to it was to allow her attorney to be present, a presence which the trial court was not required to allow. State v. Breaux, 337 So.2d 182 (1976). As the subsequent action of the trial court indicated, the trial court, if requested, would have ordered the examining physicians not to include in their report any statement of the accused relevant to innocence or guilt on the merits, and not to reveal any such statement to the prosecutor. In the absence of the denial of a reasonable limitation specifically requested by the accused, we are unable to ascribe reversible merit to the denial of a general motion to the court to set out special guidelines for the sanity commission's examination and report.
Assignment 3 relates to the improper action of an examining physician in attaching a summary of the accused's statements to his report, which was sent to the district attorney and not to the defendant's counsel.
The trial court ordered this report removed from the record. It found no authority to quash the indictment by reason of this impropriety, the sole relief requested. We agree.
Further, the trial court found no showing made that the state had used the accused's statements improperly furnished to it in order to obtain evidence or subvert her defense or to cross-examine her. In the absence of such prejudice, or in the absence of any showing of a consistent course of conduct by the state so to misuse sanity commissions, we do not believe appellate relief can be afforded the accused in this instance.
Restriction of Closing Argument on Diminished Responsibility
Assignment 15 relates to the trial court sustaining a state objection to the closing argument of defendant's attorney. By this argument, the defendant's counsel attempted to read to the jury La.R.S. 14:15, which provides that an intoxicated condition may preclude specific criminal intent.
The defendant had earlier withdrawn her plea of not guilty by reason of insanity. Nevertheless, her counsel was arguing that her neurotic, prone-to-hysteria mental condition precluded the specific intent required for murder, the intentional killing of another human being. In the context of this argument, counsel was attempting to analogize the intoxication legally precluding specific intent to the accused's mental-hysteria (which, however, did not amount to legal insanity) the thrust of the argument being that this neurotic condition precluded specific intent, as would intoxication of a given *98 degree, and so permitted the jury to return a responsive verdict of guilty of a lesser crime, such as manslaughter.
In effect, defendant's counsel was arguing diminished responsibility or capacity to commit the crime by reason of a mental defect or disease, short of insanity, by reason of which there was the lack of a deliberate or premeditated design. See: Comment, Partial Insanity Affecting the Degree of a Crime, 22 La.L.Rev. 664 (1962); Arenella, The Diminished Capacity and Diminished Responsibility Defenses: Two Children of a Doomed Marriage, 77 Col.L. Rev. 827 (1977); Comment, Diminished Capacity  Recent Decisions and an Analytical Approach, 30 Vand.L.Rev. 213 (1977). La-Fave and Scott, Criminal Law, Sections 37, 42 (1972).
Louisiana is among the minority of eleven states that still reject the defense in all aspects. In Louisiana, a mental defect or disorder, short of legal insanity (i. e., the incapability to distinguish between right and wrong, La.R.S. 14:14), cannot serve to negate the specific intent and reduce the degree of the crime. State v. Johanson, 332 So.2d 270 (La.1976); State v. Berry, 324 So.2d 822 (La.1975); State v. Rideau, 249 La. 1111, 193 So.2d 264 (1966).
We are not willing at this time to reconsider Louisiana's jurisprudential rule. Nevertheless, we note the majority American view that evidence of such a mental condition, short of insanity, is relevant and admissible not as a defense against guilt of any criminal conduct but for the limited purpose of negating the premeditation or deliberation requisite to intentional murder. Scott and LaFave, Criminal Law, Section 42 (1972). As there stated, p. 325, "Under the better view, evidence of an abnormal mental condition, even though not sufficient to constitute legal insanity, is admissible wherever it is relevant to prove that the defendant did or did not have a state of mind which is an element of the offense charged."
The trial court's ruling was therefore not erroneous, in so limiting argument.
Other Assignments
The remaining assignments do not present reversible merit:
Assignments 4 and 5 concern the state's rather stubborn refusal to specify that it was charging the accused with second-degree murder under La.R.S. 14:30.1(1) (specific intent) and not also 30.1(2) (felony murder), as conjunctively charged, even though it had no intention of attempting to prove the latter; Assignments 6 and 7 concern the rather technical and doubtfully correct objections by the state as to two minor defense questions to the housemaid as to the husband's mistreatment of the wife; but the maid's testimony as a whole completely informed the jury of this witness's appreciation of the marital disharmony in accord with the defense theory, and we cannot find reversible prejudice; Assignments 8, 9, 10, 11, and 12 represent correct rulings by the trial court as to particular questions; Assignment 13 concerns a complaint as to the prosecutor's closing argument, which we find to be unfounded; and Assignments 14, 16, and 17 concern complaints as to the prosecutor's objections during the defendant's closing argument and the trial court's failure to specify (the obvious) reasons for its rulings.[2]

Decree
For the foregoing reasons, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[*] TATE and DENNIS, JJ., would grant a rehearing.
[1] The defendant withdrew her plea of not guilty by reason of insanity at the close of her evidence. She had also pleaded, "not guilty."
[2] Although we do not find reversible merit, we do not necessarily approve of the sincere and zealous prosecutor's tactics in making repeated objections and arguments interrupting defendant's closing argument. State v. Johnson, 343 So.2d 155 (1977). See Tr. 223-27. As the trial court finally noted, the prosecutor "may explain his contention to the jury when his time comes for rebuttal." Tr. 227.