375 So.2d 97 (1979)
STATE of Louisiana, Appellee,
v.
Thaddeus C. WADE, Appellant.
No. 64046.
Supreme Court of Louisiana.
September 4, 1979.
Rehearing Denied October 8, 1979.
*98 M. H. Gertler, Gertler & Gertler, James H. Looney, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Fred P. Harper, Jr., Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant appeals from a conviction of forgery, La.R.S. 14:72. This offense requires that the forgery be committed with the specific intent to defraud.
The single assignment of error complains of the trial court's denial to the defendant of the right to introduce psychiatric testimony concerning his ability (or lack of it) to formulate the specific intent required as an essential element of the crime.
The defendant's only plea to the charge was not guilty. "When a defendant is tried upon a plea of `not guilty', evidence of insanity or mental defect at the time of the offense shall not be admissible. * * *" La.C.Cr.P. art. 651. By virtue of this provision and our substantive law, a mental defect or disorder, short of legal insanity (i. e., the incapability to distinguish between right and wrong), cannot serve to negate the requisite specific intent nor reduce the degree of the crime. State v. Jones, 359 So.2d 95 (La.1978).
The psychiatric testimony was offered solely to prove a defense of lack of mental capacity to form specific intent. The defendant did not plead "not guilty by reason of insanity."
The defendant forcefully argues that he is denied due process by this allegedly arbitrary Louisiana rule which prevents him from producing competent and relevant evidence concerning whether he had or could have the specific intent to defraud required to be proved by the state as an essential element of the crime.
Despite these forceful arguments, a majority of this court has recently rejected them. State v. LeCompte, 371 So.2d 239 (La.1979). For the reasons there stated, we do not find that due process is offended by the Louisiana rule that a defendant cannot rebut evidence of specific intent by presentation of psychiatric testimony, without pleading not guilty by reason of insanity.
Nor do we find persuasive the defendant's contention that this rule, essentially founded on La.C.Cr.P. art. 651 and La.R.S. 14:14 (both referred to above), was intended to be legislatively modified by a provision of our criminal discovery act adopted in 1977. La.C.Cr.P. art. 726 A (1977) requires notice to the state by a defendant if "[he] intends to introduce testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offense charged."
The purpose of the notice requirement of Article 726 A is merely to require discovery of the intent to use such evidence (when admissible, as on a plea of insanity), not to provide substantively for its admissibility on the issue of specific intent. We are re-enforced in the interpretation we thus reached by the similar intention ascribed to Federal Rule of Criminal Procedure 12.2, upon which Article 726 A is based. See Report of Federal Advisory Committee, Fr. Cr.P. note, Rule 12.2.
Accordingly, we find no error in the ruling of the trial court. The conviction and sentence are affirmed.
AFFIRMED.
*99 DIXON, J., dissents with reasons.
CALOGERO, J., dissents.
DENNIS, J., dissents for the reasons expressed in his separate opinion in State v. Lecompte, 371 So.2d 239 (La.1979).
CALOGERO, Justice, dissenting.
I dissent for the same reasons I presented in dissent in State of Louisiana v. Lecompte, 371 So.2d 239 (La.1979).
DIXON, Justice (dissenting).
I respectfully dissent.
It is not constitutionally permissible to deny defendant the right to prove he lacked the intent specifically required as an element of the offense charged.