453 So.2d 325 (1984)
STATE of Louisiana
v.
Sean S. BROGAN.
No. CR83-667.
Court of Appeal of Louisiana, Third Circuit.
July 25, 1984.
Writ Denied October 5, 1984.
*326 George Guidry, Atty. At Law, Alexandria, Paul H. Kidd, Kidd, Kidd, Jones & Kidd, Monroe, for defendant-appellant.
G. Earl Humphries, III, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
Defendant, Sean Brogan, was charged by a bill of information with two counts of attempted first degree murder, a violation of La.R.S. 14:27 and 14:30. After pleading not guilty, he was found guilty as charged by a twelve person jury. Defendant was sentenced to serve two twenty year terms at hard labor to run concurrently.
Defendant was convicted on October 18, 1982 and sentenced on October 29, 1982. Defendant failed to timely appeal but subsequently applied to the Supreme Court of Louisiana for an out-of-time appeal. The application was granted and transferred to this court. This court granted defendant an out-of-time appeal on April 21, 1983. That appeal is now before us on the following assignments of error:
(1) Defendant was denied due process of law, in that, he received ineffective legal representation due to defense counsel's failure to discover and utilize evidence of mental and emotional distress relevant to a determination of guilt and sentencing; and,
(2) The trial judge erred in imposing an excessive and disproportionate sentence upon a youthful first offender without fully conplying with appropriate constitutional and statutory sentencing criteria.
On November 21, 1983, defendant filed a motion for a limited remand for an evidentiary hearing on assignment of error no. 1.

FACTS
The following facts were established by the evidence at trial. At the time of the alleged crimes, the defendant, Sean Brogan, was living with Yvonne Villafana and the two children of her former marriage to Patrick Lyenfong, of whom she had legal custody. After their divorce, Yvonne Villafana and Patrick Lyenfong became involved *327 in a dispute over custody of the two children. On May 24, 1982, a hearing was held to determine the visitation rights of Patrick Lyenfong and Maureen Lyenfong, his mother and the grandmother of his two children. The defendant was present at this hearing. The trial court granted visitation rights to the Lyenfongs, which were to begin the following day. After trial, Yvonne Villafana and Sean Brogan gave the Lyenfongs directions to the house where they were staying.
On May 25, 1982, at approximately 12:10 in the afternoon, the Lyenfongs arrived at Yvonne's house pursuant to the court order of visitation. The Lyenfongs remained in the truck and honked the horn because there was a large dog in the yard. Sean Brogan came out and told the Lyenfongs that Yvonne was dressing the children and would be out in a few minutes. After 30 to 45 minutes, Patrick started the truck to turn on the air conditioner. Suddenly, the truck shook, and at the same time a loud blast was heard. Stunned momentarily, Patrick then realized his mother had been shot and attempted to leave the area. Another shotgun blast was heard, this time hitting Patrick. Looking toward the direction of the shots, Maureen Lyenfong saw the defendant fire the second shotgun blast. Patrick, still able to drive, was attempting to escape when he saw the defendant with a pistol firing at the truck. Patrick and Maureen were both wounded with a .22 caliber pistol. The defendant then ran up to the driver's side of the truck and smashed the glass with the now empty pistol. Patrick managed to start the truck. He then drove three or four miles to a hardware store in Hineston. While still in the vehicle, and being attended to by several citizens, Patrick was approached by the defendant who had arrived in his automobile. The defendant leaned into the vehicle and stabbed Patrick three (3) times in the chest.
The defendant then returned to Yvonne's house. John Salley and Yvonne Villafana were there. The defendant washed the blood off his knife and hands and convinced Mr. Salley to follow him to a back road in the woods where he left his car and then to drive him to a place near his sister's house. Defendant arrived at his sister's home by way of the swamp. In the meantime, his brother-in-law, William David Roland, III, had been advised that the police were looking for the defendant. After finding the defendant at his home, Roland drove the defendant to the police, who were at a grocery store in Seiper. The defendant was placed under arrest.

ASSIGNMENT OF ERROR NO. 1
Defendant, in brief, concedes that the weight of the evidence against him was overwhelming. The gist of his averment of ineffective counsel centers on one area, the failure of his trial counsel to provide expert testimony of a mental or emotional defect sufficient to negate specific intent and/or to reduce the degree of the crime.
An ineffective assistance of counsel claim is properly raised by writ of habeas corpus in the trial court. State v. Seiss, 428 So.2d 444 (La.1983) and cases cited therein. However, where the record discloses evidence sufficient to decide the issue of ineffective assistance of counsel, and that issue is raised by assignment of error on appeal, in the interest of judicial economy, the issue will be considered. State v. Seiss, supra; State v. Ratcliff, 416 So.2d 528 (La.1982).
In this case, the relief requested by defendant, both by appeal and by motion, is for a remand for a full evidentiary hearing, contending that the question presented poses a question of fact as well as a question of law.
Despite this contention, we find defendant's averment without merit as a matter of law. Therefore, in the interest of judicial economy, review of defendant's ineffective assistance of counsel claim can be made on the present record without the necessity for a remand for a full evidentiary hearing.
*328 Defendant failed to plead not guilty and not guilty by reason of insanity.[1] In brief, defendant appears to concede the absence of a complete defense, asserting that an emotional disturbance insufficient to constitute legal insanity might nonetheless serve to diminish the requisite degree of criminal intent so as to bring his actions within a lesser included criminal offense.
La.C.Cr.P. Art. 651 provides in pertinent part:
"When a defendant is tried upon a plea of `not guilty', evidence of insanity or mental defect at the time of the offense shall not be admissible."
In State v. Lecompte, 371 So.2d 239 (La. 1979), the Supreme Court held that this article precludes admission of expert testimony concerning the absence of specific intent when defendant's plea is not guilty, stating as follows:
"Under this statute, evidence of a mental condition or defect is inadmissible when the defendant failed to plead not guilty and not guilty by reason of insanity. Moreover, a mental defect or disorder short of insanity cannot serve to negate specific intent and reduce the degree of the crime. State v. Rideau, 249 La. 1111, 193 So.2d 264 (1966) and the cases cited therein. See also LSA-R.S. 14:14; LSA-C.Cr.P. Art. 651, Official Revision Comment (a); State v. Berry, La., 324 So.2d 822 (1975). In State v. Jones, La., 359 So.2d 95 (1978), we upheld a trial court's ruling which precluded counsel from arguing that defendant's `neurotic, prone-to-hysteria mental condition precluded the specific intent required for murder ...' where defense had withdrawn her plea of not guilty by reason of insanity." (Emphasis ours)
This holding was affirmed in State v. Wade, 375 So.2d 97 (La.1979), cert. denied, 445 U.S. 971, 100 S.Ct. 1665, 64 L.Ed.2d 249 (1980).
A defendant who alleges that his counsel was ineffective must couple that allegation with a specific showing of prejudice. State v. Landrum, 307 So.2d 345 (La.1975); State v. Seiss, supra. As a matter of law, defendant is unable to show prejudice by the failure of defense counsel to provide expert testimony of a mental or emotional defect insufficient to constitute legal insanity.

ASSIGNMENT OF ERROR NO. 2
The defendant contends that the concurrent sentences of 20 years on each of the two counts constitutes excessive punishment in violation of Article 1, § 20 of the 1974 Louisiana Constitution. The defendant further contends that the court failed to comply with the statutory sentencing criteria mandated by La.C.Cr.P. Art. 894.1.
It is well settled that the imposition of a sentence, although within the statutory limits, may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). In determining whether the penalty is grossly disproportionate, the court must consider "the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." State v. Bonanno, 384 So.2d 355, 358 (La.1980).
The maximum penalty for attempted first degree murder is 50 years imprisonment at hard labor. La.R.S. 14:27(D)(1). Defendant was exposed to a penalty of 100 years at hard labor. The concurrent sentences of 20 years on each count is well within the statutory limits. The trial judge is afforded wide discretion in the imposition of sentence within statutory limits and the sentence imposed should not be set aside in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
La.C.Cr.P. Art. 894.1 provides appropriate criteria by which to measure whether a sentence within statutory limits *329 is nevertheless excessive. State v. Sepulvado, supra. The trial judge need not list every aggravating and mitigating circumstance presented in this article, but the record must reflect that he adequately considered statutory guidelines in particularizing the sentence to defendant. State v. Sims, 410 So.2d 1082 (La.1982).
In imposing the sentence on defendant in this case, the trial judge stated several aggravating considerations, including the very serious nature of the crime, the persistence of defendant in the commission of the crime, and defendant's apparent complete disregard for life. He also stated certain mitigating considerations, including the defendant's youth, the lack of a prior criminal record and a possible emotional influence. These stated considerations and the subsequent sentences imposed reflect that the trial judge adhered to the statutory guidelines set forth in La.C.Cr.P. Art. 894.1, in particularizing the sentence to the defendant.
Accordingly, we find that the sentence imposed is not so disproportionate to the crime committed as to shock our sense of justice or to constitute a manifest abuse of the discretion of the trial judge.
For the above and foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Defendant does not contend that the evidentiary hearing would show that the defense of his case was prejudiced by defense counsel's failure to plead not guilty and not guilty by reason of insanity.