**CORRECTED OPINION**

| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2023-K-0253** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ANTHONY NATHANIEL GREEN, SR.** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 551-152, SECTION "F"
Honorable Robin D. Pittman, Judge
**\* \* \* \* \* \***
**Judge Sandra Cabrina Jenkins**
**\* \* \* \* \* \***

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

**DYSART, J., DISSENTS IN PART; CONCURS IN PART.**

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
Naomi Jones
Mary Casente Glass
ASSISTANT DISTRICT ATTORNEY
District Attorney's Office
619 South White Street
New Orleans, Louisiana 70119

      COUNSEL FOR RESPONDENT / STATE OF LOUISIANA


D. Majeeda Snead
LOYOLA LAW CLINIC
7214 St. Charles Ave., Box 902
New Orleans, Louisiana 70118

      COUNSEL FOR RELATOR / DEFENDANT

**WRIT GRANTED, IN PART; WRIT DENIED, IN PART**

**JULY 28, 2023**

Defendant, Anthony Nathaniel Green, Sr., seeks review of the trial court's March 16, 2023 rulings denying relator's (1) motion to exclude other crimes evidence, (2) motion to exclude audio recording of identification procedure, and (3) motion to allow introduction of evidence regarding mental disease and defect. Based on our review of this record and in light of applicable law and jurisprudence, we grant defendant's writ, in part, and reverse the trial court's ruling that denied defendant's motion to exclude other crimes evidence and allowed the State to introduce evidence under La. C.E. art. 412.2. In all other respects, defendant's writ is denied.

## STATEMENT OF THE CASE

On December 14, 2020, the State filed an indictment charging defendant with one count of first degree rape, in violation of La. R.S. 14:42, and one count of home invasion, in violation of La. R.S. 14:62.8. On February 8, 2021, defendant pled not guilty to both charges.

1

In February 2023, defendant filed a motion to exclude other crimes evidence, a motion to exclude the audio recording of the identification procedure, and a motion to allow introduction of evidence regarding mental disease or defect. In response, the State filed notice of intent to introduce evidence of similar crimes, wrongs, or acts pursuant to La. C.E. art. 412.2. The State also filed its replies and opposition to defendant's motions.

On March 16, 2023, the trial court heard arguments on defendant's three motions. The trial court denied defendant's motion to exclude other crimes evidence and ruled that, pursuant to La. C.E. art 412.2, evidence may be admitted to show intent and/or absence of mistake. The trial court also denied defendant's motions to exclude the audio recording of the identification procedure and to allow introduction of evidence regarding mental disease or defect. Defendant noted his objection and notice of intent to seek review of the trial court's rulings.

Defendant timely filed this writ on April 14, 2023. Defendant filed a supplement to the writ, as ordered by this Court, on May 23, 2023.

## DISCUSSION

**Motion to exclude other crimes evidence / Notice of intent to offer evidence pursuant to La. C.E. art. 412.2**

Defendant argues that the trial court abused its discretion by denying his motion to exclude other crimes evidence and ruling that, pursuant to La. C.E. art. 412.2, the State may introduce testimonial statements from an unidentified witness, S.C., regarding an incident that occurred eight years prior to the current charged offenses. Defendant argues that the testimonial evidence from S.C. that the State intends to introduce does not qualify as evidence of similar crimes, wrongs or acts of sexually assaultive behavior under La. C.E. art. 412.2.

2

When reviewing a ruling on the admissibility of other crimes evidence, this Court will not overturn the trial court's decision absent an abuse of discretion. *State v. Taylor,* 16-1124, p. 18 (La. 12/1/16), 217 So.3d 283, 296.

Generally, pursuant to La. C.E. art. 404(B)(1), evidence of other crimes, wrongs or acts are not admissible to prove the character of the defendant in order to show that he acted in conformity therewith. However, art. 404(B)(1) provides exceptions to this general rule, if the State can provide an independent reason for the admission of other crimes evidence, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when the evidence relates to conduct that constitutes an integral part of the act that is subject to the instant charged offense. In addition, when the defendant is charged with a crime involving sexually assaultive behavior, La. C.E. art. 412.2 provides a specific exception to allow for the admission of evidence involving similar sexually assaultive crimes, wrongs, or acts.

La. C.E. art. 412.2(A) provides in pertinent part:

> When an accused is charged with a crime involving sexually assaultive behavior, … evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior … may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

Under the balancing test of La. C.E. art. 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

Thus, the evidence to be admitted under La. C.E. art. 412.2 must be substantially relevant and probative to the instant charged offense and not unduly

3

prejudicial. *See State v. Woodberry*, 14-0476, p. 15 (La. App. 4 Cir. 6/3/15), 171 So.3d 1082, 1092. "[T]he underlying policy is not to prevent prejudice, since evidence of other crimes is always prejudicial, but to protect against unfair prejudice when the evidence is only marginally relevant to the determination of guilt of the charged crime." *Id*. (citing *State v. Humphrey*, 412 So.2d 507, 520 (La. 1981) and *State v. Williams*, 02-645, p. 16 (La. App. 5 Cir. 11/26/02), 833 So.2d 497, 507).

In this case, the State noticed its intent to introduce evidence pursuant to La. C.E. art. 412.2, by offering the testimonial statements made by a person identified as S.C. to police on September 24, 2014, as captured on an officer's body camera video. According to the State, the evidence of the defendant's other acts of sexually assaultive behavior towards S.C. is as follows:

> S.C. stated to the officer that she was close friends with defendant's girlfriend, K.S. While they were at defendant's house, S.C. asked K.S. for two condoms; defendant then stated to S.C., my partner wants to know if "one of you whores will suck his dick." When S.C. said no, defendant told S.C. that someone needed to "put that whore in her place." According to S.C., defendant then approached her in an aggressive and threatening manner, she pushed defendant away, and then they both shoved each other. Then, S.C. went outside to her vehicle to retrieve her baseball bat and defendant retrieved his gun, but they did not engage in a further altercation.[1]

The State contends that the testimonial statements from S.C. constitute evidence of defendant's prior acts of sexually assaultive behavior towards women, and the statements are relevant to show that defendant acted in a sexually assaultive manner without consent.

However, a review of the statements reveals that the incident between defendant and S.C. did not involve sexual contact or sexually assaultive acts. The

---

[1] The State's notice also states it will present evidence that during the same incident, defendant told both S.C. and K.S. to "suck my dick" and referred to both women as "slut-bitch."

4

State contends that the defendant's sexually suggestive language towards the women and his aggressive demeanor toward S.C. are sufficient evidence of other acts of sexually assaultive behavior, admissible under La. C.E. art. 412.2.

In a recent case before this Court, *State v. Parker*, 22-0843 (La. App. 4 Cir. 2/17/23), 358 So.3d 924, the defendant, who was charged with three counts of aggravated rape and three counts of aggravated kidnapping, sought review and reversal of the trial court's ruling allowing two prior incidents to be admitted pursuant to La. C.E. art. 412.2. One of the prior acts that the State sought to introduce under La. C.E. art. 412.2 involved defendant striking a female victim "in the chest area with a hard right forearm" then "aggressively remov[ing] . . . jewelry from [her] neck"; the victim was then able to retrieve a weapon from under her arm and shot defendant. *Parker*, 22-0843, p. 2, 358 So.3d at 926. Upon review, this Court found that the incident and defendant's ultimate conviction on the charge of simple robbery "do not reflect any sexually assaultive behavior" and "[s]uch conduct does not fall under Article 412.2 because nothing suggests sexual contact." *Parker*, 22-0843, p. 5, 358 So.3d at 928. The Court further concluded that the facts of the incident were not particularly probative of the presently charged offenses. Consequently, the Court reversed the trial court's ruling to allow evidence of that particular other crime pursuant to La. C.E. art. 412.2.[2]

In this case, as in *Parker*, we find that defendant's conduct in the incident described by S.C. does not constitute evidence of prior sexually assaultive behavior under La. C.E. art. 412.2, because there was no sexual contact. In addition, we find no jurisprudence supporting the admission of evidence under La. C.E. art. 412.2 based upon the use of sexually suggestive language, without sexual contact

---

[2] We note that a writ in *Parker* is currently pending before the Louisiana Supreme Court.

5

or sexually explicit acts. Furthermore, we find the statements that the State seeks to admit regarding this prior incident between defendant and S.C. are not particularly probative of the presently charges offenses.

Therefore, we find the trial court abused its discretion in denying defendant's motion to exclude evidence of this prior incident and in allowing the State to admit the evidence pursuant to La. C.E. art. 412.2.

**Motion to Exclude the Audio Recording of the Identification Procedure**

Next, defendant argues that the trial court abused its discretion by denying his motion to exclude the audio recording of the identification procedure. Defendant asserts that the audio recording of the victim's identification of the defendant, as the person who entered her home and raped her, is unduly prejudicial because the recording contains several minutes in which the victim is sobbing and screaming. Defendant argues that the evidence must be excluded because the probative value is outweighed by the undue prejudice of admitting the recording.

As previously discussed, under La. C.E. art. 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." A trial court's ruling as to relevancy will not be disturbed absent a clear abuse of discretion. *State v. Bell,* 05-0808, p. 12 (La. App. 4 Cir. 12/6/06), 947 So.2d 774, 781; *State v. Lewis,* 97-2854, p. 20 (La. App. 4 Cir. 5/19/99), 736 So.2d 1004, 1017. A trial court is vested with much discretion in determining whether the probative value of relevant evidence is substantially outweighed by its prejudicial effect. *Bell, supra*; *State v. Hall,* 02-1098, p. 8 (La. App. 4 Cir. 3/19/03), 843 So.2d 488, 496.

6

Clearly, the victim's identification of defendant as the person who raped her is relevant. However, defendant argues that other evidence, specifically, the victim's trial testimony identifying defendant as her rapist could be substituted for the audio recording of the victim's identification of defendant. In support, defendant cites *United States v. Johnson,* No. 04-17, 2006 WL 1005014, at *2 (E.D. La. Apr. 12, 2006), in which the federal district court deemed inadmissible a portion of a 911 call reporting a bank robbery, finding "[t]he danger of unfair prejudice of this portion of the tape substantially outweighs its negligible probative value and it is therefore excluded." However, we find the facts and analysis in *Johnson* distinguishable and the defendant's reliance on *Johnson* misplaced.

In *Johnson*, the 911 call could be broken into two parts: The caller's discussion with the police dispatcher and the caller's discussion with emergency medical personnel. Both components had emotional aspects to them; however, because the first portion of the 911 call also had probative value, the court concluded that the first portion was admissible.

In the first portion, the 911 caller provided the address of the bank, described the events as they were happening and gave a description of the perpetrators to the dispatcher. However, as the court explained, "[i]n addition to the descriptive aspects, this part of the conversation is heavily laden with emotion and fear from [the 911 caller.] At one point she states, 'Please don't hang up, please don't hang up, please ma'am, please don't hang up … they're gonna kill me, they're gonna kill me, please ma'am.'" *Johnson,* 2006 WL 1005014 at *1. Despite the prejudice arising from the caller's emotion and fear, the court did not exclude the relevant call nor did the court excise the caller's emotional and fearful outburst. The court

7

ruled the 911 caller's conversation with the police dispatcher admissible in its entirety, reasoning:

> The only real question with regard to this portion of the tape is whether its probative value is "substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. As described by the Supreme Court, "The term 'unfair prejudice' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States,* 519 U.S. 172, 180 (1996). In balancing the prejudicial nature of a particular piece of evidence against its probative value, the judge must appreciate "the offering party's need for evidentiary richness and narrative integrity in presenting a case." *Id.* at 183. Moreover, the Supreme Court noted that the Government generally has a right to present evidence of a fact that a defendant would prefer to admit, so as to establish the "human significance" of the fact and "to implicate the law's moral underpinnings." *Id.* at 187-88. Relevant evidence offered by the government in criminal trials is usually prejudicial to the defendant. Accordingly, under Rule 403, "evidence ... should be excluded sparingly." *United States v. Powers,* 168 F.3d 741 (5th Cir.1999).
>
> In this case, the emotional aspect of the first part of [the 911 caller's] conversation does not create a danger of unfair prejudice that substantially outweighs its considerable probative value. To the contrary, [the 911 caller's] tone and language establish the "human significance" of the crime being committed. *Old Chief,* 519 U.S. at 187-88. As the Second Circuit noted when upholding the admission of gruesome photographs of the victims of the World Trade Center bombing, "Probative evidence is not inadmissible solely because it has a tendency to upset or disturb the trier of fact." *United States v. Salameh,* 152 F.3d 88, 123 (2d Cir.1998). The defense argues that it does not dispute the fact that a bank robbery was committed which detracts from the probative value of the evidence in relation to its prejudicial nature. However, the defense has never formally conceded any elements of the offense; the government will still need to prove those elements beyond a reasonable doubt at trial. Moreover, even if the defense were to make certain factual stipulations, it is well-settled that "A party is not required to accept a judicial admission of his adversary, but may insist on proving the fact." *Parr v. United States,* 255 F.2d 86 (5th Cir.1958). The Court finds the first part of [the 911 caller's] statements is not unduly prejudicial.

*Johnson*, 2006 WL 1005014, at *1–2.

The second portion of the 911 call, the caller's statements to emergency personnel, unlike the first portion, contained virtually no relevant evidence. As the court explained, "this particular conversation lacks any intelligible descriptive elements." *Johnson,* 2006 WL 1005014, at *2. It was the lack of relevance of this portion of the call that prompted the court to exclude it.

> The balancing required under Rule 403 is different here from the previous analysis. There is no probative value in this portion of the tape that is not already covered by the initial part of her conversation, including [the caller's] obvious distress. [The 911 caller] continues to be audibly terrified but says nothing that adds support to any element of the government's case.

*Id.*

When considering the instant case in light of *Johnson*, we find the victim's audio recorded identification comparable to the first portion of the 911 call in *Johnson*, which was ruled admissible. Here, the victim's identification of defendant is extremely probative and relevant despite the emotional components.

Defendant also relies on *State v. King,* 604 So.2d 661, 667 (La. App. 1 Cir. 1992), a case in which the First Circuit affirmed the trial court's decision to admit an excised portion of a 911 recording. Again, however, *King* is distinguishable from the instant matter, because, as in *Johnson, supra,* the call could be separated into two distinct parts: one in which relevant information, including a description of the perpetrators, along with emotional statements, was provided; and a second portion which consisted of "instructions by the 911 personnel concerning first aid to be administered to the shooting victims and additional assurances by 911 personnel that help would be arriving…." *Id.* The court allowed the portion of the tape containing relevant information to be admitted, even though it contained

9

emotional statements prejudicial to defendant, because the probative value of the recording outweighed any danger of unfair prejudice.

In S*tate v. Sholes,* 99-2414 (La. App. 4 Cir. 3/7/01), 782 So.2d 691, like in *King,* the defendant argued that the trial court erred in admitting the 911 call from the victim's brother because it involved distraught cries that would prejudice the jury. This Court determined that the relevancy of the recording outweighed the danger of unfair prejudice.

> [T]he recording was relevant as to show the time and location of the shooting. As the First Circuit noted in *King, the emotional trauma of the callers did not diminish the probative value and admissibility of the tape.* The trial court did not abuse its great discretion in determining that the 911 tape was relevant evidence, and thus, admissible.

*Sholes*, 99-2414, p. 8, 782 So. 2d at 696 (emphasis added).

In the instant matter, as in *King* and *Sholes*, we find that the relevancy of the victim's audio identification of defendant as her attacker outweighs the danger of unfair prejudice resulting from the victim's emotional reaction when confronted with a photograph of her alleged rapist. The victim's emotional trauma, as evidenced in the audio recording, does not diminish the probative value and admissibility of the recording. Thus, we find the trial court did not abuse its discretion in denying defendant's motion to exclude the audio recording of the identification.

**Motion to allow introduction of evidence of mental disease or defect**

Defendant argues that the trial court abused its discretion in denying defendant's motion to allow introduction of evidence of mental disease or defect to rebut the element of intent to commit the crimes.

Defendant acknowledges that he entered pleas of not guilty to the charged crimes of first degree rape and home invasion. Defendant did not enter a dual plea of "not guilty" and "not guilty by reason of insanity" pursuant to La. C.Cr.P. art. 651. Nevertheless, defendant seeks to introduce at trial evidence of mental disease and defect to show that he did not have the requisite intent to rape the victim. According to defendant, due to his mental health condition, his perception of the encounter with the victim may well have been construed by him to have been "a consensual, romantic connection…."

La. C.Cr.P. art. 651 provides: "When a defendant is tried upon a plea of 'not guilty', evidence of insanity or mental defect at the time of the offense shall not be admissible." In the seminal case of *State v. Lecompte,* 371 So.2d 239, 243 (La. 1978), the defendant, contrary to the provisions of Article 651, sought to introduce psychiatric testimony though he had not entered a plea of not guilty and not guilty by reason of insanity. Defendant wanted to introduce the psychiatric evidence to show that he did not have the requisite intent to commit the crime of attempted forcible rape. The Court found that evidence of a mental defect or mental disorder, absent a plea of not guilty and not guilty by reason of insanity, was not admissible. "A mental defect or disorder short of insanity cannot serve to negate specific intent and reduce the degree of the crime." *Id.* (citations omitted).

Louisiana jurisprudence has consistently upheld the clear provisions of Article 651, requiring a dual plea of "not guilty" or "not guilty by reason of insanity" for evidence of a defendant's alleged mental defect to be admissible. *See State v. Leatherwood,* 411 So.2d 29, 34 (La. 1982) (based on the provisions of Article 651, Court upheld trial court's exclusion of expert testimony regarding the defendant's mental condition to prove he lacked the necessary criminal intent to

11

commit the offenses for which he was charged); *State v. Carter,* 97-2902, p. 18 (La. App. 4 Cir. 5/10/00), 762 So.2d 662, 675, *writ denied,* 00-1598 (La. 6/15/01), 793 So.2d 1233, *cert. denied,* 534 U.S. 1116, 122 S.Ct. 926, 151 L.Ed.2d (2002) ("Although the defendant initially pleaded not guilty and not guilty by reason of insanity, she later withdrew that plea and was proceeding at trial under a plea of not guilty. Therefore, evidence regarding the defendant's insanity or mental defect at the time of the offense was inadmissible and irrelevant."); *State v. Dixon,* 95-0269, p. 4 (La. App. 4 Cir. 1/19/96), 668 So.2d 388, 391, *writ denied,* 96-0332 (La. 5/17/96), 673 So.2d 608, *cert. denied,* 519 U.S. 983, 117 S.Ct. 438, 136 L.Ed.2d 335 (1996) (evidence of mental defect "was properly excluded in the absence of an insanity plea."); *State v. Brown,* 19-1462, p. 9 (La. App. 1 Cir. 8/5/20), 311 So.3d 355, 361 ("It is well-settled that when a defendant is tried upon a plea of not guilty, evidence of insanity or mental defect at the time of the offense shall not be admissible."); *State v. Veillon*, 19-606, p. 16 (La. App. 5 Cir. 7/29/20), 297 So.3d 1091, 1104, *writ denied,* 20-01297 (La. 2/9/21), 310 So.3d 178 ("In the absence of a plea of insanity, evidence of insanity or mental defect is not admissible as a complete defense or for the purpose of negating specific intent."); *State v. Conner,* 49,351, p. 14 (La. App. 2 Cir. 11/19/14), 152 So.3d 209, 218 ("When a defendant is tried upon a plea of 'not guilty,' evidence of insanity or mental defect at the time of the offense shall not be admissible.). Accordingly, the trial court did not err in denying defendant's motion to allow evidence regarding mental disease or defect.

## CONCLUSION

For the foregoing reasons, we grant defendant's writ, in part, and reverse the trial court's ruling allowing the State to admit evidence of other crimes, wrongs, or acts under La. C.E. art. 412.2. In all other respects, the defendant's writ is denied.

**WRIT GRANTED, IN PART; WRIT DENIED, IN PART**