337 So.2d 182 (1976)
STATE of Louisiana
v.
Claude J. BREAUX.
No. 57882.
Supreme Court of Louisiana.
April 19, 1976.
On Rehearing September 13, 1976.
Robert N. Clarke, Metairie, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Gretna, Abbott J. Reeves, Director, Research and Appeals, Metairie, for plaintiff-respondent.
Writ granted. In view of the facts and circumstances of this case, applicant is entitled *183 to relief; it is ordered that applicant's attorney and his private physician be permitted to attend the Sanity Commission examination scheduled for April 21, 1976.
SANDERS, C. J., dissents from granting of writ, being of the opinion that defendant has no right of legal representation at a psychiatric examination.
SUMMERS, J., dissents.
DIXON, J., concurs in the order but is of the opinion the case should be brought up. Defendant has a right to have counsel present. C.Cr.P. 511.
MARCUS, J., dissents.

ON REHEARING
SUMMERS, Justice.
A bill of information was filed on March 26, 1976 by the District Attorney of Jefferson Parish charging defendant Claude J. Breaux with three counts of aggravated crime against nature, La.R.S. 14:89.1, alleged to have been committed on January 25, 1976.
Prior to arraignment, on April 7, 1976, defendant's counsel made written application for the appointment of a sanity commission. The motion alleged there was good reason to believe that defendant did not have the mental capacity to understand the nature of the proceedings against him or to assist counsel in his defense because of defendant's mental disease. Counsel alleged that his interviews with defendant disclosed that defendant was unable to recall involvement in the offenses charged, and that defendant was then confined in DePaul's Hospital (for the treatment of the mentally ill) for evaluation and treatment by his physician.
The motion further alleged that because of defendant's mental disease it was necessary that the trial judge appoint a sanity commission to examine defendant. Further, it was alleged, defendant's personal physician, a psychiatrist, should be permitted to attend any such examination in order to assist defense counsel in the preparation of his defense. According to the motion, this assistance should include, but should not be limited to, the cross-examination of members of the sanity commission upon their findings, all in accordance with the provisions of Articles 646 and 647 of the Code of Criminal Procedure.
Accordingly, on April 7, 1976, the trial judge appointed a sanity commission consisting of two physicians to examine the present mental condition of defendant and report to the court within thirty days whether defendant had a mental disease or defect as a result of which he presently lacked the capacity to understand the proceedings against him or to assist in his defense. The trial judge declined to order that defendant's personal physician be permitted to attend his examination by the sanity commission.
A hearing was held the following day at which defense counsel urged in argument for the first time that defendant was entitled to be represented by counsel, in addition to the attendance of defendant's personal physician, at the examination to be conducted by the sanity commission. These demands were based principally upon the contention that defense counsel was needed to assist defendant at the examination by limiting the scope of the interrogation to the question of his present mental condition. Defendant's personal physician, according to defense counsel, was also entitled to be present at that time, not necessarily to participate in the examination but to assist counsel. As an alternative, again for the first time in oral argument, defense counsel requested that a recording of the examination be made and a transcript be made available to him.
As a result of the hearing, the trial judge reaffirmed the appointment of the sanity *184 commission and denied, for the second time, the request of counsel to order that defendant's personal physician be present at the examination by the sanity commission.
The trial judge was of the opinion that Louisiana law did not require a representative of defendant to be present at his examination by the sanity commission. He said the presence of defense representatives at the examination would inhibit the psychiatrists. According to the trial judge, defendant could have an independent examination by a psychiatrist of his choosing, who could be called to testify at the sanity hearing held thereafter. And the members of the sanity commission would be subject to cross-examination at the subsequent hearing to determine defendant's mental capacity to proceed, at which time the judge would preside and make certain that the evidence was confined within proper and lawful limits.
In addition, the trial judge observed that defense counsel had not filed a written motion to be permitted to attend the interrogation of defendant by the sanity commission. Therefore, the judge decided that question was not properly presented by the pleadings. For the same reason, and because he knew of no law requiring that the interrogation be recorded, the judge denied the request for a taped recording of the interrogation.
Defendant then applied to this Court for certiorari and, without a hearing, the writ was granted. At that time the Court ordered that defendant's attorney and his private physician be permitted to attend the sanity commission examination. However, a rehearing was granted upon the State's application, and the case was given a preferential hearing on this Court's docket. In the meantime, the sanity commission examination and the hearing to determine defendant's mental condition was stayed, pending resolution of the issues thus presented.
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant lacks the capacity to understand the proceedings against him or to assist in his defense. La.Code Crim.Pro. art. 641. Determination of the intricate and often baffling issue of mental capacity to proceed is to be made by the trial judge. In order to do so he is required to order a mental examination of the defendant when he has reasonable grounds to doubt defendant's mental capacity to proceed. Id. art. 643.
The mental examination so ordered is performed by a sanity commission appointed by the court. The commission consists of at least two and not more than three physicians who have free access to the defendant. To facilitate the examination the court is required to subpoena witnesses to attend at the request of the defendant or the commission. Id. art. 644.
The report of the sanity commission is filed with the judge, and copies are furnished to the district attorney and the defendant. Id. art. 645. Either or both of the latter have a right to obtain an independent mental examination by a physician of his choice, id. art. 646; and the issue of defendant's mental capacity to proceed is determined by the court in a contradictory hearing at which members of the sanity commission may be called as witnesses, subject to cross-examination by the defense, the district attorney and the court. Other evidence pertaining to the defendant's mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney. Id. art. 647.
While these rules demonstrate that physicians composing the sanity commission are appointed as experts to advise and assist the court in its decision, it is likewise apparent that the defendant and the district attorney also have the right to obtain independent examinations for presentation *185 at the hearing at which the determination is to be made.
It is the contention of the State that the mental examination by the sanity commission is not such a "critical stage" of the proceeding that the presence of counsel is required by law. To allow defense counsel and defendant's private physician to attend and participate would frustrate and hinder the physicians appointed by the court in the discharge of their duties. Such a proceeding would mean that the district attorney and his expert would have to be allowed to attend to protect the State's interest. This, in turn, would require that the judge be present to arbitrate the questioning and arguments of counsel which would surely follow. Regrettably, too, the physicians (psychiatrists) would be cast in an adversary role under these circumstances. Such an assembly would constitute an adversary proceeding wholly inconsistent with the scientific atmosphere and personto-person privacy needed for the examination.
As a consequence the purpose of the examination would not be accomplished, nor would such an unorthodox departure from the usual practice serve the best interest of the defendant or the interest of justice. The psychiatrists appointed here would prefer not to serve under these conditions.
Reports of sanity commissions on a defendant's present mental condition and the testimony of physicians who compose that body are not relevant to the trial of the case on its merits where the guilt or innocence of the defendant is at issue. The determination of the defendant's mental capacity to proceed has almost universally been judicially interpreted to refer exclusively to a defendant's capacity to understand the proceedings or to participate in his defense.
So the question in such a proceeding is whether defendant will be tried at that time, or, whether, on his motion, assisted by counsel, La.Code Crim.Pro. arts. 646-647, he will be committed to a proper mental institution for custody. This result is implicit in the motion, because raising the issue of present mental capacity to proceed necessarily results in such a commitment if the court finds that defendant lacks the requisite mental capacity to proceed. La.Code Crim.Pro. art. 648. It is also implicit in such a motion that defendant is asking the judge to appoint a sanity commission to advise concerning defendant's present mental condition. And, should defendant thereafter regain his mental capacity to proceed, the prosecution shall be promptly resumed. Id. art. 649.
A sanity commission examination, therefore, is not a critical stage of the proceedings which dictates the necessity for the assistance of counsel. It is, to the contrary, a scientific examination which must be conducted under controlled circumstances in an atmosphere considered by the examining physicians to be conducive to an inquiry into defendant's mental condition.
These conditions may vary with different experts and the necessary freedom should be granted to them to proceed as they deem proper, for it is their opinion which is being sought, nothing more. Disruptive or controversial encounters may impair the effectiveness and validity of the examination. The examination, therefore, is not an adversary proceeding at which defendant's guilt or innocence is at stake. United States v. Trapnell, 495 F.2d 22 (2d Cir. 1974); United States v. Baird, 414 F.2d 700 (2d Cir. 1969), cert. denied, 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1970); United States v. Albright, 388 F.2d 719 (4th Cir. 1968); McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791 (1965); Timmons v. Peyton, 240 F.Supp. 749 (E.D.Va.1965).
The questions before us are res nova in this Court. However, as the foregoing *186 citations to Federal cases demonstrate, the issue has been before the Federal Courts on numerous occasions. The Fifth Circuit met the issue squarely in United States v. Smith, 436 F.2d 787 (1971), stating categorically that
". . . A psychiatric examination is not an adversary proceeding. No inculpatory statements made to the examiner are admissible. To hold a psychiatric examination of an accused without his counsel present is not error. See United States v. Albright, 4 Cir. 1968, 388 F.2d 719, 726-727; Caster v. United States, 5 Cir. 1963, 319 F.2d 850, cert. denied, 1964, 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973."
Cf. U. S. v. Konigsberg, 336 F.2d 844 (3d Cir. 1964), cert. denied, 379 U.S. 930; 85 S.Ct. 327, 13 L.Ed.2d 342.
More recently the same court again stated its position on the question in United States v. Cohen, 530 F.2d 43 (5th Cir. 1976), in these words:
"Likewise, we reject appellant's claim of a constitutional right to have an attorney present at the psychiatric examination since that might defeat the purpose of the examination and since the examination is not the kind of critical stage at which assistance of counsel is needed or even useful. There would be no need for counsel to instruct the accused not to answer questions for fear of factual self-incrimination, for any such matter is subject to suppression; and interference with the examination by counsel on other grounds would be improper."
In our view the position adopted by the Fifth Circuit is sound, and we agree that the accused has no right to insist on being represented by counsel at a psychiatric examination relating to his present insanity. Furthermore, it is implicit in this accord with the Federal view that no inculpatory statement made to the examiners are admissible where defendant's guilt or innocence is at issue.
Although no decisions have been called to the Court's attention involving attendance of the accused's personal physician at the examination, the same reasoning which denies defense counsel's attendance applies. It applies especially here, where defense counsel stated in argument that attendance of defendant's physician was sought, not to cross-examine the appointed physicians, but to assist defense counsel during the examination.
Defendant's right to a tape recording of the examination should depend entirely upon whether the particular physicians composing the sanity commission consider the recording of the examination to be in keeping with their practice. If they consider it advisable to include a tape recording as part of their report, it would be made available to defendant as part of the report. La.Code Crim.Pro. art. 645.
For the reasons assigned, the order granting the writ herein is revoked and set aside, and the ruling of the trial judge denying defendant's motion is affirmed.
DIXON, J., dissents.