PER CURIAM: *
Granted. Because the defendant has placed his mental status at issue in the guilt phase of trial by entering a dual plea of not guilty and not guilty by reason of insanity, he may not refuse to cooperate in a mental examination conducted by an expert of the state’s choosing and may not refuse to answer the questions posed by the state’s expert to determine his sanity at the time of the offense. La.C.Cr.P. art. 646; see Buchanan v. Kentucky, 483 U.S. 402, 422-23, 107 S.Ct. 2906, 2917-18, 97 L.Ed.2d 336 (1987); Estelle v. Smith, 451 U.S. 454, 465, 101 S.Ct. 1866, 1874, 68 L.Ed.2d 359 (1981); Savino v. Murray, 82 F.3d 593, 604 (4th Cir.1996); State v. Jones, 359 So.2d 95, 97 (La.), cert. denied, 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708 (1978); State v. Berry, 324 So.2d 822, 827-28 (La.), cert denied, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976). Within 30 days of this order, the defendant must either submit to an examination by the state’s expert and cooperate fully or withdraw his dual plea of insanity and enter a single plea of not guilty. Nothing in this order shall restrict the defendant from presenting mitigating evidence if trial should reach the sentencing phase.
CALOGERO, C. J., and LEMMON, J., would grant and docket the application.
JOHNSON, J., would deny the application.

 VICTORY, J., not on panel. See Rule IV, Part II, Sec. 3.