MICHAEL E. KIRBY, Judge.

STATEMENT OF CASE

Appellant was charged with possession of a firearm by a convicted felon to which he pled not guilty. Counsel moved for a competency hearing following which appellant was found incompetent to proceed to trial, and he was remanded to a forensic facility. Subsequently a second competency hearing was held and he was deemed competent to proceed to trial. A hearing on motions resulted in the district court finding probable cause and overruling the motions to suppress the evidence and statement. The defense again requested a competency hearing at which the doctors testified that appellant was competent, although the court did not specifically find appellant competent. However, the court noted that trial was set for March 10, 2010. On that day, the defense requested another competency hearing. Appellant was again found competent to proceed to trial. He elected a judge trial and was found guilty as charged. After waiving delays, appellant was sentenced to serve twelve years at hard labor, to run concurrently. His motion to reconsider sentence was denied and his motion for appeal was granted.
i statement of fact
On January 12, 2009 at about 7:25 p.m., Officer Jones responded to a radio dispatch of a suspicious person who had brandished a firearm at someone. He relocated to the 800 block of Dumaine Street and was canvassing the area in his police *932 vehicle when he came upon appellant who matched the dispatcher’s description of the suspicious person. The officer exited his vehicle and identified himself as a police officer. For his safety Officer Jones ordered appellant to keep his hands visible. Appellant spontaneously told the officer that he had a gun in his back pocket which Officer Jones retrieved. Appellant was arrested and given his Miranda rights; he made no additional statements after his arrest.
Officer Jones identified appellant in court as the person he arrested. He also identified the clothing appellant was wearing on the night of his arrest and the weapon and ammunition that were removed from appellant’s back pocket.
The state and the defense stipulated that Officer Jackson was an expert in the taking, examination, and comparison of fingerprints. He compared prints taken of appellant on the day of trial with those from a 2008 guilty plea to unauthorized entry into an inhabited dwelling and determined that the sets of prints were taken from the same person.

ERRORS PATENT

A review of the record reveals two patent errors regarding appellant’s sentence. First, La. R.S. 14:95.1 provides for a mandatory fine of not less than one thousand dollars, nor more than five thousand dollars. Second, the statute also requires parole eligibility to be restricted. In sentencing appellant, the district court did not impose the mandatory fine or restrict parole eligibility.
|/Though the district court failed to restrict parole eligibility on appellant’s sentence, La. R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction of the sentence. State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790. However, this court has held that the failure to impose a mandatory fine requires a remand for the imposition of that fine. State v. Williams, 2003-0302, pp. 3-4 (La.App. 4 Cir. 10/6/03), 859 So.2d 751, 753 following State v. Legett, 2002-0153, pp. 3-4 (La.App. 4 Cir. 5/22/02), 819 So.2d 1104, 1106 and State v. Hall, 2002-1098, pp. 5-6 (La.App. 4 Cir. 3/19/03), 843 So.2d 488, 494. Therefore, we must remand for the imposition of the mandatory fine at which time the district court should also restrict parole eligibility.
No other patent errors were found.

ASSIGNMENT OF ERROR NUMBER ONE BY COUNSEL AND PRO SE

Counsel has argued that appellant did not waive his right to counsel at a critical stage of the proceedings against him, namely, the third competency hearing. Relator’s appointed attorney was Keith Hurtt but the transcript from that hearing shows that a public defender named Kerry Ellis was present. After the doctors testified, the court asked whether either the state or defense had any questions for the doctors. Ms. Ellis stated that she was not familiar with the case and asked that Mr. Hurtt be provided with the doctors’ report. The court granted the request and left the hearing open should Mr. Hurtt have any questions for them. Mr. Hurtt entered the courtroom just after the doctors left and was informed that the doctors testified that appellant was competent. Mr. Hurtt then replied that the court would see him on appellant’s trial date.
|/Though appellant’s right to counsel had attached, not all activity in is case is a “critical stage” of the proceedings requiring the assistance of counsel. State v. Hattaway, 621 So.2d 796, 808-09 (La. *933 1993).[1] The Hattaway Court adopted the “functional” test set forth in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) to determine whether an encounter is a “critical stage” of the proceedings. Under this test, the court is required “to analyze whether potential substantial prejudice to defendant’s rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice.” Hattaway, 621 So.2d at 809 (quoting Wade, 388 U.S. at 227-28, 87 S.Ct. at 1932). We have found no case from this court that discussed whether a competency hearing is a “critical state” of the prosecution.
Counsel likens appellant’s situation to that in State v. Haider, 2000-231 (La.App. 3 Cir. 10/11/00), 772 So.2d 189, where the court found that the hearing to determine Haider’s competency was a critical stage of the proceeding necessitating assistance of counsel attached. Notably, no counsel appeared at Haider’s competency hearing, the court noting that it could not fathom someone with his mental problems attempting to intelligently question the experts.
In finding that the competency hearing there was a critical stage of the proceedings, the court found decisive the fact that the defendant’s only defense was his insanity; Haider had entered a dual plea of not guilty and not guilty by reason of insanity. It thus concluded that his mental competency was the focus of his defense strategy throughout the proceedings and found the error reversible.
As the state points out, Haider is distinguishable from this case. First, appellant was found incompetent on May 5, 2009 only because he refused to | scooperate during the interview with the doctors, and an opinion could not be formed. Doctor Sal-cedo testified that it was normal policy under that circumstance to recommend, in an abundance of caution, that a defendant be found incompetent. Appellant was more cooperative during the subsequent interviews and was found competent. Thus, appellant’s competency was not as decisive an issue as in Haider.
Second, counsel was present at the third hearing even though she was unfamiliar with appellant’s case and did not question the doctors. Significantly, though the court acquiesced in her request to provide Mr. Hurtt with the doctors’ report, and it offered to leave the hearing open should Mr. Hurtt have any unresolved issues. Apparently he did, because Mr. Hurtt requested a fourth competency hearing on the trial date. That hearing clearly distinguishes this case from Haider. The transcript from the fourth hearing shows Mr. Hurtt extensively questioned the doctors before the trial’s court found appellant was competent. That finding is not contested. Thus, unlike Haider, appellant suffered no substantial prejudice because his competency was definitively decided with counsel present. This argument is without merit.
As an extension of counsel’s assignment of error, appellant argues pro se that the psychiatric examination itself was a “critical stage” of the proceedings at which the right to counsel attached. Thus, he urges that counsel was ineffective for failing to attend the examination. These claims are without merit. See State v. Breaux, 337 So.2d 182 (La.1976).[2]

*934
\ ASSIGNMENT OF ERROR NUMBER TWO BY COUNSEL AND PRO SE

By this assignment of error, counsel argues that the district court failed to properly determine whether appellant knowingly and intelligently waived his right to a jury trial. Appellant contends that the court simply gave him the choice between “twelve people or her [the trial judge]”; he asserts that the colloquy was bare and would have been confusing, even to someone whose competence was not at issue.
A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive his right to trial by jury and elect to be tried by the judge. La.C.Cr.P. art. 780(A); State v. Lee, 2001-2082, p. 4 (La.App. 4 Cir. 8/21/02), 826 So.2d 616, 622. The waiver must be express and is never presumed. State v. Santee, 2002-0693, p. 3 (La.App. 4 Cir. 12/4/02), 834 So.2d 533, 534. Such a waiver is valid only if the defendant acted knowingly and voluntarily. State v. Kahey, 436 So.2d 475, 486 (La.1983); Santee, supra. However, while the trial judge must determine if the defendant’s jury trial waiver is knowing and intelligent, that determination does not require a Boykin-like colloquy. Santee, supra.
In the instant case, the following colloquy occurred prior to trial:
MR. HURTT:
Okay. Mr. Martin is ready then — are we ready for trial?
DEFENDANT:
I guess so.
MR. HURTT:
Okay. You’ll have to decide whether you want a trial by judge or jury.
DEFENDANT:
[ 7Judge.
MR. HURTT:
The judge will have to tell you what rights you’re waiving by taking a judge trial.
THE COURT:
All right Mr. Martin. You have a right for 12 people in the jury to decide the case or me to decide the case.
DEFENDANT:
You.
THE COURT:
You want me to hear it. I’m going to call it like I see it. If the state proves its case, I’m going to find you guilty as charged. Do you understand that?
DEFENDANT:
Yeah.
THE COURT:
If they don’t prove it, then you get a break and you get to go home.
DEFENDANT:
All right.
THE COURT:
But, I’m telling you, sometimes your lawyer can do more in front of a jury than in front of a judge. But if you want a judge trial—
MR. HURTT:
I’d recommend a jury. But it’s up to you.
THE COURT:
Tell me what you want to do, Mr. Martin.
DEFENDANT:
*935 Judge trial.
THE COURT:
Judge trial?
DEFENDANT:
Yeah.
|STHE COURT:
Are you sure?
DEFENDANT:
Yeah.
THE COURT:
You talked to your family? I know you were back there a good 15 minutes.
DEFENDANT:
Yeah. We was talking.
THE COURT:
All right. Have a seat. We’re going to do a judge trial on Tyrone Martin.
This court has considered what constitutes a knowing and intelligent waiver of the right to trial by jury in several cases. It is clear that the preferred practice for obtaining a valid waiver of the right to trial by jury is “for the trial judge to advise the defendant personally on the record of his right to trial by jury and require the defendant to waive the right personally either in writing or by oral statement in open court on the record.” State v. Richardson, 575 So.2d 421, 424 (La.App. 4 Cir.1991). See also State v. Wolfe, 98-0345 (La.App. 4 Cir. 4/21/99), 738 So.2d 1093, 1097, and State v. Abbott, 92-2731 (La.App. 4 Cir. 2/25/94), 634 So.2d 911, 913. Here, that preferred practice was followed by the court. Appellant personally waived his right to a jury trial, and he exhibited no sign that he did not understand the issue before him. Therefore, counsel’s assignment of error is without merit.
Appellant argues pro se that he unknowingly waived his right to remain silent in violation of the Fifth Amendment when he waived his right to a jury trial. His claim differs from counsel’s assignment of error, and it is somewhat convoluted.
| aAgain, this claim is premised on Estelle v. Smith, supra, in which the court found a violation of Smith’s Fifth Amendment right against self-incrimination when, during the penalty phase of his trial, the state used the substance of his disclosures during a pretrial psychiatric examination; Smith had not been warned of his right to remain silent nor that any statement he made could be used against him at the sentencing proceeding.[3]
Essentially, appellant argues that he unknowingly waived his right to remain silent when he waived his right to a jury trial because the doctors informed the court of his malingering behavior during the competency hearing, and he elected to be tried by the same court which learned of his malingering behavior.
Unlike Estelle v. Smith, though, nothing about which the doctors testified incriminated appellant or had any direct correlation to his guilt or innocence. The doctors’ description of him as malingering referred only to his uneooperativeness in answering the doctors’ questions during the psychiatric examinations. Thus, appellant’s Fifth Amendment right against self-incrimination was not violated, and this claim is without merit.

ASSIGNMENT OF ERROR NUMBER THREE PRO SE

By this assignment of error, appellant argues that his sentence is exces *936 sive. He urges that the district court based his sentence on the seriousness of the predicate conviction for unauthorized entry of an inhabited dwelling rather than the seriousness of the instant conviction in violation of La.C.Cr.P. art. 894.1. He | ^particularly notes that the article suggests a sentence of imprisonment when a lesser sentence will not deprecate the seriousness of the crime committed. La. C.Cr.P. art. 894.1(A)(3). Though he argues that the trial court was prohibited from considering the predicate conviction, he has not cited any case law in support of his argument.[4]
La. Const, art. I, § 20 explicitly prohibits excessive sentences; State v. Baxley, 94-2982, p. 4 (La.5/22/95), 656 So.2d 973, 977. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677. Courts have the power under La. Const, art. I, § 20 to declare to a sentence excessive, even if it falls within the statutory limits provided by the legislature. Id., 97-1906 at p. 6, 709 So.2d at 676. When a trial court determines a sentence from a carefully tailored penalty statute, such as the statute applicable in the instant case, La. R.S. 14:95.1, there is a strong presumption that the sentence is constitutional. State v. Bunley, 2000-0405, p. 24 (La.App. 4 Cir. 12/12/01) 805 So.2d 292, 308 (quoting State v. Guy, 95-0899 (La.App. 4 Cir. 1/31/96), 669 So.2d 517, 526).
In reviewing an excessive sentence claims, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189; State v. Robinson, 98-1606, p. 12 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 127. If the reviewing court finds adequate compliance with La.C.Cr.P. art. 894.1 it must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Ross, 98-0283, p. 8 (La.App. 4 Cir. 9/8/99), 743 So.2d 757, 762; State v. Bonicard, 98-0665, p. 3 (La.App. 4 Cir. 8/4/99), 752 So.2d 184, 185.
However, in State v. Major, 96-1214 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, this court stated:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.CrJP. art. 881.4(D).
96-1214 at p. 10, 708 So.2d at 819.
In State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:
*937 On appellate review of sentence, the only relevant question is “ ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’” State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” State v. Sepulvado, 367 So.2d 762, 767 (La.1979). |12In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, State v. Franks, 373 So.2d 1307, 1308 (La.1979), a remand for resentenc-ing is appropriate only when “there appeals] to be a substantial possibility that the defendant’s complaints of an excessive sentence ha[ve] merit.” State v. Wimberly, 414 So.2d 666, 672 (La.1982).
Soraparu, 97-1027, p. 1, 703 So.2d at 608.
Here, appellant was charged with being a felon in possession of a firearm. La. R.S. 14:95.1. A conviction under that statute mandates imprisonment at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and a fine. Appellant herein was given a sentence of twelve years.
Prior to sentencing appellant, the court stated that it had reviewed the criminal history of appellant, taking into consideration the sentencing guidelines of La. C.Cr.P. art. 894.1. It noted that he had no real criminal history except for the 2008 predicate conviction for unauthorized entry of an inhabited dwelling, which the court felt was a serious victim crime. The court then noted appellant’s cooperation with police as a mitigating factor that warranted a sentence less than the maximum. Thus, the court discussed the factors considered and the reasoning by which it arrived at its sentencing decision. In so doing, the court adequately complied with La.C.Cr.P. art. 894.1.
Appellant’s sentence of imprisonment of twelve years is only two years more than the statutory minimum of ten years. He apparently had only the one | lsprior felony conviction for unauthorized entry of an inhabited dwelling but it occurred just one month prior to the commission of the instant offense.[5]
In an unpublished opinion, this court affirmed defendant’s twelve-year sentence for being a felon in possession of a firearm even though he had only one conviction for possession of cocaine. State v. Derouen, unpub., 2009-0203 (La.App. 4 Cir. 8/19/09), 2009 WL 2707421. Reasons noted by the trial court prior to imposing sentence were the threat to public safety by the criminal misuse of firearms, particularly in connection with illicit drugs; that an eleven-year-old girl was present in the home when the police arrived; and that the defendant refused to put down the handgun that he was holding; one of the officers had to disarm him of the handgun. Derouen, 2009-0203 at p. 20.
Although appellant here cooperated with police, it was alleged that he had brand *938 ished the handgun at someone. Further, he committed the crime only one month into his probation for the predicate offense, which the trial court categorized as a serious victim crime. As such, the record supports the sentence imposed upon appellant. Thus, the district court did not abuse its broad discretion when sentencing him to twelve years at hard labor.

CONCLUSION

For the reasons stated above we affirm appellant’s conviction and his sentence. We remand the matter for imposition of the mandatory statutory fine.
AFFIRMED; REMANDED.

. Hattaway was partially overruled by State v. Carter, 94-2859 (La.11/27/95), 664 So.2d 367, but not on this issue. Unlike in Hattaway, the Court in Carter held that in some instances, a defendant may waive the right to have counsel present at a critical state of the proceedings.

. In addition to finding that that a sanity commission was not a critical stage of the *934 proceedings to which the right to counsel attaches, the court in Breaux held that no inculpatory statements made to the examiners were admissible where the defendant's guilt or innocence was at issue. The case cited by appellant, Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), essentially extended this rule to the penalty phase of capital murder cases.

. Appellant also references State v. Johnson, 432 So.2d 815 (La.1983), wherein the court held that Johnson could not be compelled to testify during the multiple bill proceeding as to his prior conviction; the state offered no other evidence at the hearing to show that Johnson was the same person who had been convicted in Missouri for armed robbery.

. The issue of excessiveness of sentence was preserved for review. Counsel’s oral motion to reconsider sentence was denied immediately following the imposition of the sentence and was followed up by a written motion to reconsider sentence in which counsel urged that the sentence was excessive.

. On his conviction for unauthorized entry of an inhabited dwelling, appellant received a suspended sentence of three years on December 18, 2008, and he was placed on three years of probation.