ROLAND L. BELSOME, Judge.
It Reginald Spurlock seeks review of his conviction and sentence. Mr. Spurlock was charged with La. R.S. 14:110(A), simple escape, and sentenced to serve four years at hard labor, consecutive with any other sentence imposed.

STATEMENT OF CASE

The State filed a bill of information charging Mr. Spurlock with one count of simple escape. He pled not guilty and was appointed counsel. At a subsequent hearing the court found probable cause to move forward with the charges against Mr. Spurlock. On February 28, 2012, Mr. Spurlock’s counsel filed a motion waiving his right to jury trial and requesting a judge trial.
After trial, the judge found Mr. Spur-lock guilty as charged. He filed a motion for new trial and a motion for appeal. The district court denied his motion for new trial and granted his motion for appeal.

TERRORS PATENT

A review of the record reveals one error patent that does not require corrective action by this Court. Mr. Spurlock filed a motion for appeal after trial, but before sentencing, and the district court granted the appeal before sentencing. Although a defendant can take an appeal only from a conviction and sentence, we have held that an appeal taken prior to sentencing will not be dismissed “because dismissing the appeal would simply result in a delay of the appellate process and hinder defendant’s right to appeal” State v. Warren, 538 So.2d 1036, 1037 (La.App. 4 Cir.1989), quoting from State v. Martin, 483 So.2d 1223, 1225 (La.App. 4 Cir.1986). Thus, there is no need for us to correct this error in the instant appeal.

FACTS AND DISCUSSION

Mr. Spurlock was arrested for attempted purse snatching. Once in custody, he *806 was brought to the Eighth District Police Station. While in custody, Mr. Spurlock ran out of the precinct and had to be apprehended. At that time, the officer placed him under arrest for simple escape. Following a bench trial, he was sentenced to serve four years at hard labor, consecutive with any other sentence imposed.
On appeal, Mr. Spurlock argues that the record fails to support that he knowingly and intelligently waived a jury trial. He maintains that the minute entry indicating that he elected a judge trial is not enough to prove that his waiver was made with his informed consent.
According to the record, his counsel filed a “Waiver of Jury Trial and Request for Judge Trial” but there is no indication that Mr. Spurlock was informed of what the filing entailed and if he knowingly opted out of a jury trial. Further, Mr. Spurlock contends that there is a conflict between the trial transcript and the | .¡minute entry, and that in accordance with State v. Fortenberry, 11-0022 (La.App. 4 Cir. 7/27/11), 73 So.3d 391, the transcript controls. He seeks remand for an evidentiary hearing to determine if he knowingly and intelligently waived his right to a jury trial. See State v. Richardson, 02-2348 (La.App. 4 Cir. 2/19/03), 841 So.2d 39.
According to the State, the record supports that counsel for Mr. Spurlock filed a waiver, in open court, with Mr. Spurlock present, and Mr. Spurlock did not object to the waiver, indicating that he acquiesced to a judge trial. We disagree.
Mr. Spurlock accurately represents the record; there is no transcript of him specifically acknowledging waiver of a jury trial. In State v. Thompson, 2002-1682 (La.App. 4 Cir. 5/21/03), 848 So.2d 703, this Court discussed the importance of having an acknowledgement by the defendant on the record to support a waiver of a jury. In Thompson, the defendant was charged with three misdemeanors which threatened his ability to maintain his wildlife and fisheries license. This Court found that the only indication of a waiver of a jury trial by the defendant, Thompson, was when his counsel stated that they wanted to proceed with a judge trial, but on record, there was nothing to indicate that he was made aware of the waiver and its meaning. This Court stated:
Where there is no evidence in the record, however, that the defendant specifically waived his right to a jury trial, this court has found that the case must be remanded for an evidentiary hearing to determine whether the defendant knowingly waived this right. That is, every reasonable presumption against waiver of the right to trial by jury must be indulged. In Richardson, the minute entry showed that the trial court informed the defendant of his right to trial by jury; the docket master and minute entry stated that the defendant requested trial by jury. No transcript of a waiver of trial by jury could be found. If the trial court finds that the defendant did not make a valid waiver of his right to a jury trial, the court must set aside his conviction and sentence and grant him a new trial.
4Thompson, 2002-1682, p. 10, 848 So.2d at 709 (citations omitted).
This Court has addressed how the district court can be thorough in confirming that the defendant is knowingly and intelligently apprised of his rights stating: “[i]t is clear that the preferred practice for obtaining a valid waiver of the right to trial by jury is for the trial judge to advise the defendant personally on the record of his right to trial by jury and require the defendant to waive the right personally either in writing or by oral statement in open court on the record.’ ”; State v. Martin, 2010-1356, p. 8 (La.App. 4 *807 Cir. 8/24/11), 72 So.3d 928, 935 (citations omitted). The trial judge is not required to engage the defendant in a Boykin-like colloquy; the briefest of exchanges and acknowledgement by the defendant will suffice. See State v. Bryant, 06-1154 (La.App. 4 Cir. 1/10/07), 950 So.2d 37. However, without a transcript to support the defendant’s knowing and intelligent waiver, we cannot find with certainty that he was made aware of and understood the waiver. For that reason, this Court is remanding the matter for an evidentiary hearing on whether Mr. Spurlock knowingly and intelligently waived his right to a jury trial.
REMANDED WITH INSTRUCTIONS.