TERRI F. LOVE, Judge.
| t Nicholas Miorana (“Mr. Miorana”) appeals his conviction for attempted unauthorized entry of an inhabited dwelling in violation of La. R.S. 14:27 and La. R.S. 14:62.3. He assigns as error that the record does not reflect that he made a knowing and intelligent waiver of his right to a jury trial; that the trial court erred in adjudicating him a fourth-felony offender; that the trial court failed to rule on his motion to reconsider sentence; and, that his twenty year sentence as a fourth-felony offender is unconstitutionally excessive. This court finds that because the trial court failed to rule on Mr. Miorana’s motion to reconsider sentence and the record fails to sufficiently demonstrate that he knowingly and intelligently waived his right to a trial by jury, we remand the matter to the trial court for further proceedings in conjunction with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of Mr. Miorana’s conviction are not relevant to the issues addressed in this opinion.
Mr. Miorana was charged by bill of information in October 2011, with home invasion, a violation of La. R.S. 14:62.8. At his arraignment, the trial court informed Mr. Miorana of his right to trial by judge or jury, and he pled not guilty.
|2In May 2012, defense counsel waived Mr. Miorana’s presence for the purposes of filing in open court a written request for a bench trial. In December 2012, Mr. Miorana’s case went to a bench trial wherein he was found guilty of attempted unauthorized entry of an inhabited dwelling. Thereafter, the trial court sentenced him to three years at hard labor, and the State filed a multiple bill on the same day. In February 2013, the trial court adjudicated Mr. Miorana a fourth-felony offender, whereupon it vacated the original sentence and resentenced him to twenty years at hard labor. Mr. Miorana filed a motion to reconsider sentence in March 2013 and later filed a motion for an out-of-time appeal in December 2013, which the trial court granted.

RIGHT TO TRIAL BY JURY

Mr. Miorana claims the record does not show that he made a knowing and intelli *1216 -gent waiver of his constitutional right to trial by jury.
Both the Sixth Amendment to the United States Constitution and La. Const. art. I, § 17(A) guarantee an accused the right to a trial by jury. If the punishment which may be imposed on a defendant is death or hard labor, or exceeds six months confinement without hard labor, the defendant “shall” be tried by a jury. La. Const. art. I, § 17(A). Nevertheless, “a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” La. Const. art. I, § 17(A). See also La. C.Cr.P. art. 782(B) (“Trial by jury may be knowingly and intelligently waived by the defendant except in capital cases.”).
At the time Mr. Miorana was arraigned and his case proceeded to a bench trial, La.C.Cr.P. art. 780 provided, in pertinent part: (1) a defendant charged with a non-capital offense “may knowingly and intelligently waive a trial by jury and |select to be tried by the judge”; (2) “[a]t the time of arraignment, the defendant in such a case shall be informed by the court of his right to waive trial by jury”; (3) “[t]he defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521” (generally by motion filed within fifteen days after arraignment); (4) but, “with permission of the court, he may exercise his right to waive trial by jury at any time prior to commencement of trial.”[1]
“To be valid, a defendant’s waiver of his right to a jury trial must be knowing and intelligent.” State v. Bazile, 12-2243, p. 17 (La.5/7/13), 144 So.3d 719, 733. “[A] criminal defendant’s jury waiver is deemed knowing and intelligent when he understands ‘that the choice confronting him is, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge.’ ” Id. The waiver of the right to a jury trial cannot be presumed. State v. Biddy, 13-0356, p. 20 (La.App. 4 Cir. 11/20/13), 129 So.3d 768, 780. The “preferred practice for obtaining a valid waiver of the right to trial by jury is for the trial court to advise the defendant personally” on the record of his right to trial by jury and require him to waive the right personally either in writing or by oral statement in open court on the record. State v. Spurlock, 13-0068, p. 4 (La.App. 4 Cir. 11/20/13), 129 So.3d 804, 806 (quoting State v. Martin, 10-1356, p. 8 (La.App. 4 Cir. 8/24/11), 72 So.3d 928, 935). The Louisiana Supreme Court noted in State v. Pierre, 02-2665, p. 1 (La.3/28/03), 842 So.2d 321, 322, however, that “[a]lthough it remains the preferred method for the district court to advise a defendant of her right to trial by | Jury in open court before obtaining a waiver, such a practice is not statutorily required.” “Whether or not there is an intelligent, competent, self-protecting waiver of the right to trial by jury depends upon the unique circumstances of each case.” Bazile, 12-2243, p. 17, 144 So.3d at 733 (quoting Adams v. U.S. ex. rel. McCann, 317 U.S. 269, 278, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942)).
In Mr. Miorana’s case, the minute and docket master entries show that he was informed at his October 2011 arraignment of his right to trial by judge or jury. Later in May 2012, his defense counsel *1217 filed a “Notice of Request for Bench, Judge, Trial,” requesting a judge trial pursuant to La. Const. art. I, § 17(A) and La.C.Cr.P. art. 780. The “notice” provided:
Now into court, through undersigned counsel, comes the defendant, Nicholas Miorana, to hereby give notice of his intentions [sic] too [sic] request a Judge Trial pursuant to Article 1 sec. 17(A) of the Louisiana Constitution and LA.C. C.P. Art. 780 [sic].
However, despite this notice, the accused, Nicholas Miorana specifically reserves his right to withdraw this notice and invoke his rights to a jury trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 sec. 17 of the Louisiana State Constitution.
WHEREFORE, counsel prays that the court accepts this motion as a manifestation of the defendant’s willingness and desire to have a Judge Trial, however, specifically reserving his rights to a Jury Trial should his circumstances and desires for a Judge trial change.
Both the minute and docket master entries from May 2012, the day defense counsel filed the written request for a judge trial, expressly state that Mr. Miora-na was not present in court.
The record provides no indication that after filing the written notice requesting a judge trial, Mr. Miorana expressed a desire to withdraw the request, | Binvoking his right to a trial by jury. In December 2012, seven months after Mr. Miorana’s request for a judge trial was filed, he proceeded to a bench trial with the same counsel who filed the request.
Mr. Miorana points out that the court reporter in this case certified that “after a diligent search, neither [her] notes nor the courtroom recordings from [the December 2012 trial], contain where [Mr. Miorana] or [his] counsel waived [Mr. Miorana’s] right to a jury trial ...”
Further, the record contains no transcript recordation of the trial court, defense counsel, Mr. Miorana, a prosecutor, or anyone else ever discussing Mr. Miora-na’s right to trial by jury, his waiver thereof, or even the casual mention of the fact that Mr. Miorana’s case was going to a bench trial.
In Spurlock, 13-0068, p. 2, 129 So.3d at 806, a minute entry reflected that the defendant’s counsel filed a “Waiver of Jury Trial and Request for Judge Trial.” This court noted that there was no indication that the defendant was informed of what the filing entailed and whether he knowingly and intelligently waived his right to a jury trial. Id., 13-0068, p. 4, 129 So.3d at 807. This Court noted that the defendant was present in court when defense counsel filed the purported waiver and the defendant did not object. However, there was no transcript of the defendant “specifically acknowledging waiver of a jury trial.” Id., 13-0068, p. 3, 129 So.3d at 806.
The State argued that the defendant’s failure to object to the filing of the waiver indicated that the defendant “acquiesced to a judge trial.” Id. Rejecting the State’s argument, this Court held that “without a transcript to support the defendant’s knowing and intelligent waiver, we cannot find with certainty that he Rwas made aware of and understood the waiver.” Id., 13-0068, p. 4, 129 So.3d at 807.
Here, the proof of a knowing and intelligent waiver is less than what was presented in Spurlock in that Mr. Miorana was not present in court when the waiver of the right to trial by jury was filed. By the same token, Spurlock is akin to the present matter to the extent the request itself does not indicate that defense counsel conferred with Mr. Miorana as to the waiver of the right to trial by jury.
*1218 Therefore, because Mr. Miorana was not present in court when defense counsel filed the request and there is no evidence that he was “aware of and understood the waiver,” we find there is insufficient proof to conclude that Mr. Miorana knowingly and intelligently waived his right to a trial by jury. Id. Accordingly, we remand the matter for an evidentiary hearing to determine whether Mr. Miorana knowingly and intelligently waived his right to trial by jury. In light of this Court’s decision to remand the matter for the reasons addressed above, we pretermit discussion of Mr. Miorana’s additional assignments of error raised on appeal.[2]

ERRORS PATENT

Additionally, a review of the record reveals one error patent in that the trial court did not rule on Mr. Miorana’s motion to reconsider his habitual offender sentence, an issue raised on appeal. The trial court sentenced Mr. Miorana as a fourth-felony offender after vacating the original sentence imposed. Mr. Miorana timely filed a written motion to reconsider sentence. Neither of the two copies of |7the motion to reconsider sentence contained in the record is signed by the trial judge, either denying or granting the motion. Additionally, there is no minute or docket master entry reflecting a ruling on the motion.
The trial court’s failure to rule on Mr. Miorana’s motion to reconsider his sentence requires the case to be remanded for a ruling on that motion and, as conceded by Mr. Miorana, precludes this Court’s consideration and ruling on his fourth assignment of error, that his twenty year sentence as a fourth-felony offender is unconstitutionally excessive. State v. Cush-enberry, 13-0382, p. 14-15 (La.App. 4 Cir. 7/16/14), 146 So.3d 777, 786 (citing State v. Peters, 10-0326, p. 4 (La.App. 4 Cir. 2/16/11), 60 So.3d 672, 675).

DECREE

Based on the foregoing reasons, we remand the matter for an evidentiary hearing to determine whether Mr. Miorana knowingly and intelligently waived his right to trial by jury. We note that should the trial court find after such hearing that Mr. Miorana’s waiver was made with his informed consent, the trial court is directed to rule on Mr. Miorana’s motion to reconsider habitual offender sentence. In the instance that Mr. Miorana did not knowingly and intelligently waive his right to trial by jury, the trial court shall order a new trial. Additionally, Mr. Miorana’s right to seek appellate review of his additional assignments of error is preserved for future review by this Court.
REMANDED WITH INSTRUCTIONS

. Subsequent to Mr. Miorana's indictment, arraignment, and bench trial in the instant case, La.C.Cr.P. art. 780 was amended by Acts 2013, No. 343, 1, eff. June 17, 2013. The amended La.C.Cr.P. art. 780 now requires that the motion waiving trial by jury and electing trial by judge be signed by the defendant and defense counsel unless defendant has waived his right to counsel. See La. C.Cr.P. art. 780(B).

. We note, however, Mr. Miorana’s right to appellate review of his additional assignments of error is preserved for future review by this Court in the event the trial court finds after an evidentiary hearing his waiver was made with his informed consent.