LPER CURIAM.
Rehearing granted. In his application for rehearing, respondent included documents indicating that he had filed timely for post-conviction relief in the district court. Our order granting the state’s application and reinstating respondent’s convictions and sentences on the basis of the time limits imposed by La.C.Cr.P. art. 930.8 is therefore recalled. However, on the merits, we grant the state’s application, vacate the rulings below, and reinstate respondent’s convictions and sentence. Even assuming that defense counsel erred in failing to lay a proper foundation for admitting respondent’s medical records, exclusion of the evidence at trial does not undermine confidence in the verdicts returned by the jury. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although documenting respondent’s prior suicide attempts and his treatment for anti-social personality disorder, the records do not reflect a diagnosis of a mental disease or disorder that may have rendered respondent incapable of determining right from wrong at the time of the criminal episode, the test of legal insanity in Louisiana, R.S. 14:14, and no other |j,mental state sufficed to diminish respondent’s culpability for his crimes. State v. Nelson, 459 So.2d 510, 516 (La.1984); State v. Lecompte, 371 So.2d 239, 243-44 (La.1979). Respondent therefore fails to show that any error by counsel “so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” Strickland, 466 U.S. at 686, 104 S.Ct. at 2064.
CALOGERO, C.J., would grant and docket.
JOHNSON, J. would grant rehearing and docket for oral argument.