HANS J. LILJEBERG, Judge.
| ^Defendant, Jamar J. Stockman, appeals his convictions and sentences for violations of La. R.S. 40:967(C). For the following reasons, we affirm.

Procedural History

On November 19, 2012, the St. Charles Parish District Attorney filed a bill of information charging defendant with one count of possession of hydrocodone and one count of possession of cocaine, viola *265 tions of La. R.S. 40:967(C).[1] Defendant pleaded not guilty at arraignment.
Prior to trial, defendant filed several pre-trial motions including a motion to quash and a motion to suppress statement and evidence which the trial court denied. Defendant additionally filed a motion in limine and supplemental motion in limine seeking to exclude reference to any alleged outstanding felony warrants |sfor his arrest, including the officers’ prior dealings with defendant. The trial court granted defendant’s motion thereby prohibiting the officers from explaining why they were looking for defendant other than to say that they had an arrest warrant for him.
Defendant proceeded to trial on September 10, 2013, before a six-person jury, who returned a verdict of guilty as charged as to both counts. On October 2, 2013, the trial court denied defendant’s motions for post-verdict judgment of acquittal and for new trial. On November 19, 2013, the trial court sentenced defendant to five years imprisonment with the Department of Corrections, on each count, to be served consecutively.[2] On that same date, the State filed a multiple offender bill of information alleging defendant to be a fourth or subsequent felony offender.[3] On December 2, 2013, defendant filed a motion for appeal, which the trial court granted on December 12, 2013. Defendant’s appeal follows.

Facts

On October 19, 2012, Deputy Robert Calabresi and Detective Michael Wright of the St. Charles Parish Sheriff’s Office drove to a residence located on Paul Fred-ericks Street in Luling, Louisiana, in an attempt to locate defendant pursuant to an active arrest warrant. As they approached the location, they observed defendant by the open driver’s side door of a white Cadillac that was backed into the driveway.[4] The officers drove slightly past the driveway, at which time they observed defendant make a “throwing motion” towards the interior of the vehicle and attempt to “duck” behind the driver’s side door. According to Detective Wright, there was a female sitting in the driver’s side seat when they ^passed by; however, when defendant kneeled down by the door and made “throwing movements” inside the vehicle, she “looked like she wanted to get away from him,” so she quickly exited the vehicle, threw her hands up, and walked away.
The officers then exited their unmarked unit, approached defendant, identified themselves as police officers, and placed defendant in handcuffs. While handcuffing defendant and advising him that he was under arrest, defendant spontaneously stated “I don’t have any drugs.” Deputy Calabresi looked into the vehicle but did not see any obvious contraband in plain view. Additionally, Detective Wright testified that while handcuffing defendant, he glanced into the vehicle and saw a “crumpled up” cigarette pack on the driver’s side *266 floorboard. The officers notified “case agent,” Detective Danny April of the St. Charles Parish Sheriffs Office, of the arrest and held defendant until his arrival.
Detective Sergeant David Ehrmann, assistant commander of the special investigations division of the St. Charles Parish Sheriffs Office, arrived next. Detective Ehrmann testified that upon his arrival, defendant was in custody. Detective Ehrmann advised defendant of his rights per Miranda.[5] Defendant stated that he understood his rights and admitted that he was hiding from the police because he was scared, and further admitted to throwing a cigarette pack, which he stated contained “crack and pills,” inside the vehicle. Based on this information, the officers secured the vehicle and called for a canine unit. However, after conducting an “open-air sniff’ around the exterior of the vehicle, the canine made no odor response. Detective April then entered the vehicle and seized a green cigarette pack located on the driver’s side floorboard. Inside the cigarette pack were three off-white “rock-like objects” and prescription pills. Raven Barrois, Rforensic chemist for the Jefferson Parish Crime Laboratory, testified that he analyzed the evidence seized from the vehicle and that the substances tested positive for cocaine and hydrocodone.

Anders Brief

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[6] appointed appellate counsel filed a brief asserting that she thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[7] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
| Jn State v. Jyles, supra at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject *267 to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, supra at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.

Discussion

Counsel provides a detailed procedural summary and a factual basis of the case and requests that this Court review the record for errors patent. In her procedural summary, counsel notes that during jury selection there were no objections made by the defense and that the defense exercised five peremptory challenges. She further asserts that there were no objections to the trial court’s preliminary instructions, the State’s opening statement, the State’s closing argument, or to the jury instructions. Moreover, during trial, there was one objection made regarding the clarification of the court’s prior ruling on the motion \rjin limine. Counsel notes that during jury deliberation, the jury asked for clarification as to the time of defendant’s arrest and also requested to see the police report. Pursuant to this request, the trial judge instructed the jury that they were required to consider the evidence that was presented in court. Counsel then provides a procedural summary of the post-verdict proceedings, including sentencing.' Defendant’s appellate counsel concludes that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal.
Notably, appellate counsel does not provide a review of potential issues. She explains that a letter was sent to defendant “in confidence” as to specific potential issues that were considered and the reasons they were rejected. Counsel submits that it would be a violation of her ethical duty to reveal those to this Court. Counsel further maintains that providing this Court with information as to the issues counsel considered and the reasons counsel declined to assign them as appealable error would also require counsel to divulge them to the State. Thus, in the event defendant chooses to file a pro se brief based on any of those same issues, counsel submits that defendant would be disadvantaged from fair consideration of the issues by this Court.[8]
*268 Appellate counsel has also filed a motion to withdraw as attorney of record, which states after a conscientious and thorough examination and review of the entire appellate record, including the procedural history and facts, she found no non-frivolous issues to present on appeal and no ruling of the trial court which arguably supports an appeal. She further submits that she notified defendant that |sshe filed an Anders brief and that she also sent defendant a letter regarding specific issues that were considered and the reasons they were rejected by counsel as issues for appeal. She also states that defendant was informed that he may file a supplemental pro se brief in the appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief was filed and that he had until April 14, 2014, to file a pro se supplemental brief. Defendant failed to file a pro se brief.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged. See generally La. C.Cr.P. arts. 464-66.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, trial, verdict, and sentencing. As such, defendant’s presence does not appear to present any issue that would support an appeal. Further, it appears that the jury composition was proper and the jury’s verdict does not present any issue that would support an appeal.
Defendant filed several pre-trial motions, including a motion to suppress statement, which the trial court denied. At the motion to suppress hearing, Detective Ehrmann testified that after defendant was taken into custody on an outstanding arrest warrant and advised of his Miranda rights, he gave an admission that he discarded a cigarette pack containing “crack and pills” into the vehicle he was standing next to before he was apprehended. Detective Ehrmann further 19testified that defendant was not under duress at the time of his statement and that he provided the statement freely and voluntarily. Defendant then testified that he did not make any statements to the police. After listening to the conflicting testimony presented, the trial court denied defendant’s motion to suppress statement.
The trial court’s admissibility of a statement, and its conclusions on the credibility and weight of the testimony relating to the voluntariness of the confession or statement are entitled to great weight and will not be overturned unless unsupported by the evidence. State v. Allen, 06-778 (La.App. 5 Cir. 4/24/07), 955 So.2d 742, 752, writ denied, 08-2432 (La.1/30/99), 999 So.2d 754. Here, the testimony adduced at the motion to suppress hearing established that defendant was orally advised of his Miranda rights and voluntarily spoke with Detective Ehrmann, who noted that defendant was not under duress and gave the statement freely and voluntarily. Additionally, the trial testimony established defendant understood his rights and voluntarily waived them pri- or to making the inculpatory statement.[9] *269 Accordingly, the trial court’s denial of defendant’s motion to suppress does not appear to present an issue for appellate review.
Also, defendant’s originally imposed sentences do not present issues for appeal. Defendant was sentenced on each count to five years imprisonment with the Department of Corrections. The five-year terms fall within the sentencing range prescribed by statute. See La. R.S. 40:967(C). Further, the trial court’s imposition of consecutive sentences presents no issue for appeal. “Although Louisiana law favors concurrent sentences for crimes committed as part of a single transaction, La.C.Cr.P. art. 883; State v. Underwood, 353 So.2d 1013, 1019 (LaJ1977),10 a trial judge retains discretion to impose consecutive penalties on the basis of other factors, including the offender’s past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community.” State v. Thomas, 98-1144 (La.10/9/98), 719 So.2d 49; State v. Williams, 445 So.2d 1171, 1182 (La.1984); State v. Jacobs, 371 So.2d 727, 732-33 (La.1979) (on reh’g). At sentencing, the trial judge, in imposing consecutive sentences, clearly stated that he took into account defendant’s past criminal history and his belief that defendant did not want to be rehabilitated. Additionally, although defendant objected to his sentence and filed a motion to reconsider sentence, he later withdrew the motion. Therefore, defendant is limited to raising only the constitutional excessiveness of his sentence on appeal. See State v. Pendleton, 00-1211 (La.App. 5 Cir. 3/14/01), 783 So.2d 459, 465. As such, defendant’s sentences do not present any issues for appeal.
Finally, it appears that the record does not include any pleadings or rulings that provide an arguable basis for appeal. Defendant’s post-trial motions do not appear to warrant relief. The State presented sufficient evidence that defendant possessed the cocaine and hydrocodone pills found in the vehicle. The officers testified that defendant admitted that he threw the cigarette pack containing the cocaine and hydrocodone pills into the vehicle.
Because appellant counsel’s brief adequately demonstrates that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s convictions and sentences and grant appellate counsel’s motion to withdraw as attorney of record.
| njiirrors Patent
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The review reveals no errors patent in this case.

Decree

Considering the foregoing, we affirm defendant’s convictions and sentences. Further, we grant appellate counsel’s motion to withdraw as counsel for defendant.

*270
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.

. In the same bill of information, defendant was also charged with aggravated flight from an officer in violation of La. R.S. 14:108.1 and obstruction of justice in violation of La. R.S. 14:130.1. The State dismissed both counts prior to trial.

. "[W]hen the trial judge states that the sentence is to the Department of Corrections, the sentence is necessarily at hard labor.” State v. Clofer, 11-494 (La.App. 5 Cir. 11/29/11), 80 So.3d 639, 643.

. Defendant’s multiple offender proceeding and re-sentencing are not before this Court on appeal.

. Deputy Calabresi testified that upon their arrival, there were several people outside, some of whom were near the vehicle. However, defendant was the only person standing directly next to the driver’s side door.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam ).

.The United States Supreme Court reiterated Anders, supra, in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Under Anders, supra, and Jyles, supra, appellate counsel must submit a "brief referring to anything in the record that might arguably support the appeal,” including a full discussion and analysis that appellate counsel "has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Here, appellate counsel does not identify the issues that were considered and the reasons they were rejected by counsel as issues for appeal, claiming, such information is "confidential” and may prejudice defendant should he choose to file a pro se brief. However, despite having failed to provide a detailed analysis of the "potential issues” she identified, counsel’s brief, which includes a detailed summary of the procedural history and facts of this case adequately demonstrates she has thoroughly reviewed the trial court record, supporting her conclusion that she cannot *268 find any non-frivolous issues to raise on appeal.

. In determining whether the trial court's ruling on a defendant’s motion to suppress is *269 correct, an appellate court is not limited to the evidence adduced at the suppression hearing, but may also consider the evidence presented at trial. State v. Huntley, 08-125 (La.App. 5 Cir. 5/27/08), 986 So.2d 792, 796 (citing State v. Brumfield, 96-2667 (La.10/20/98), 737 So.2d 660, 683, cert. denied, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999)).