ON SUPERVISORY WRITS TO THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST. CHARLES
PER CURIAM:
| ] Denied. Relator fails to show that he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator’s remaining claim is repetitive. La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof *1263 the court of appeal’s written reasons denying writs.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 980.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
STATE OF LOUISIANA VERSUS JAMAR STOCKMAN
NO. 15-KH-755
FIFTH CIRCUIT
COURT OF APPEAL
STATE OF LOUISIANA
WRIT DENIED
In this writ application, relator challenges the district court’s denial of his application for post conviction relief. After reviewing the writ application and supplement, we deny relief.
On September 10, 2013, relator was found guilty, by a six-person jury, of one count of possession of hydrocodone and one count of possession of cocaine, both violations of La. R.S. 40:967(A). On November 19, 2013, the trial court sentenced defendant to five years imprisonment with the Department of Corrections, on each count, to be served consecutively. Meanwhile, on December 12, 2013, relator stipulated to his status as a fourth felony offender. On that date, the trial court imposed an enhanced sentence of 20 years in the custody of the Department of Corrections. Relator appealed his underlying convictions and sentences, but not his enhanced sentence. This Court affirmed' both convictions and sentences and the Louisiana Supreme Court denied certiorari. State v. Stockman, 14-149 (La. App. 5 Cir. 7/30/14), 147 So.3d 263, 264-65, writ denied, 14-1865 (La. 04/02/15), 163 So.3d 792.
On June 18, 2015, relator filed an application for post conviction relief in the Twenty-Ninth Judicial District Court for the Parish of St. Charles. On June 25,2015 and July 10, 2015, relator filed supplemental claims for post conviction relief. In these applications, relator claimed that (1) he was denied effective assistance of counsel; (2) there was “insufficient evidence as to who was the suspect;” and (3) his arrest after a nonconsensual search and seizure was unconstitutional.
On August 17, 2015, after reviewing relator’s application for post conviction relief and the State’s response, the district court denied relief on all claims finding that relator’s claims were procedurally barred as they were fully litigated on appeal and, even if the merits were considered, relator failed to bear his burden of proof on any of his claims.
On September 8, 2015, relator filed a “Notice of Intent to Seek Supervisory/Remedial Writs,” which the trial judge set “as prescribed by law.” On October 8, 2015, relator filed an application with this Court seeking review of the ^August 17, 2015 ruling. On October 19, 2015, this Court denied relator’s writ application *1264 finding that the application did not contain a copy of the judgment at issue or a copy of the pleading upon which the judgment was based. State v. Stockman, 15-KH-630 (La. App. 5 Cir. 10/19/15) (unpublished writ application).
On or about November 6, 2015, relator placed this writ application with the prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); State ex rel Johnson v. Whitley, 92-2689 (La. 1/6/95), 648 So.2d 909. Although we recognize .that relator’s filing was delivered to prison officials more than 30 days .after the judgment at issue in contravention of La. U.R.C.A, 4-3, we will, in the interest of justice, review the merits of relator’s pro se writ application.
In his writ application, relator alleges (1) that the trial court erred by denying his motion to -suppress statement; and (2) that he received ineffective assistance of trial and appellate counsel.
First, relator’s claims that the trial judge erred in denying his motion to suppress statement. On appeal, this Court found:
Here, the testimony adduced at the motion to suppress hearing established that defendant was orally advised of his Miranda rights and voluntarily spoke with Detective Ehrmann, who noted that defendant was not under duress and gave the statement freely and voluntarily. Additionally, the trial testimony established defendant understood his rights and voluntarily waived them prior to making the inculpatory statement. Accordingly, the trial court’s denial of defendant’s motion to suppress does not appear to present an issue for appellate review. (Footnote omitted).
Thus, we find no error in the trial court’s denial of relief as procedurally barred. See La. C.Cr.P. art. 930.4(A). Further, as the issue was reviewed on appeal, the claim that appellate counsel was ineffective for not pursuing the claim is moot.
Turning finally to relator’s claim of ineffective assistance of trial counsel, he contends that his trial attorney (1) failed to interview or procure a specific witness; (2) failed to introduce the police report of his arrest; and (3) erred in failing to object when the trial judge took judicial notice that “everyone is against drugs.” The trial judge found that relator failed to establish either a deficiency or prejudice as required by Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We find no error in the trial -court’s ruling.
First, the decision to call or not to call a particular witness is a matter of trial strategy and not, per se, evidence of ineffective assistance of counsel. State v. Folse, 623 So.2d 69, 71 (La. App. 1 Cir. 1993). Second, regarding the police Rreport of relator’s arrest, relator has not attached a copy of the report so he fails to show that any error by counsel “so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” Strickland, 466 U.S. at 686, 104 S.Ct. at 2064; State v. Russell, 04-1622 (La. 2/25/05), 896 So.2d 982, 983. Third, relator makes an allegation without support from a transcript to allege that the trial judge took judicial notice. Without further substantiation, relator again fails to show that any error by counsel “so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result,” Id.
For .the foregoing reasons, we .decline relator’s request for relief and deny this writ application.
*1265 Gretna, Louisiana, this 15th day of January, 2016.
/§/ CHIEF JUDGE SUSAN M. CHEHAR-DY
/W JUDGE MARC E. JOHNSON
/s/ JUDGE HANS J. LILJEBERG